IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| In Re: D'WAYNE BAILEY, | CV 22-37-H-BMM-JTJ |
| | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

On May 24, 2022, Plaintiff commenced this action with the filing of documents that the Court liberally construed as a complaint. See, (Doc. 1.) Plaintiff named no defendants, referred to past events, provided details that were difficult to follow, and otherwise failed to state a claim. Plaintiff did not submit the filing fee or an in forma pauperis ("IFP") application with his pleading.

On May 25, 2022, the Court directed Plaintiff to file an amended complaint, curing the deficiencies noted in his pleading, and an IFP application or payment by June 25, 2022. (Doc. 2.) The order notified Plaintiff that failure to timely comply would result in dismissal of the action. *Id*. at 7-8. Plaintiff was also provided with the Court's standard amended complaint form and IFP application. (Docs. 2-1 & 2-2.)

1

Rather than complying with the May 25, 2022 Order, Plaintiff filed a non-responsive letter in which he rehashed what he believes to be prior wrongdoings by this Court in other pro se matters he initiated. See generally, (Doc. 3.) Plaintiff was then provided an opportunity to show cause as to why this matter should not be dismissed for failure to comply with a Court order. (Doc. 4.)

In response, Plaintiff indicates he was not attempting to file a petition or complaint in this Court, but rather was inquiring into the status of the *Langford v. Bullock* case and the settlement that was reached there. (Doc. 5 at 1.) Plaintiff outlines ongoing issues he experiences at the Montana State Prison and informs the Court he was seeking to provide a record of information concerning the inactions of the Montana Department of Corrections and Montana State Prison Medical Department, as it relates to the *Langford* settlement. *Id*. at 2-3. Plaintiff then opines upon what the Court and the Montana ACLU should have done relative to the *Langford* matter. *Id*. at 3-4.

*Langford et al., v. Bullock, et al*., Cause No. CV-92-46-H-JCL, was closed following entry of a joint settlement agreement on July 19, 2018. Plaintiff was not a party or class member in that suit. This Court cannot give legal advice or counsel pro se litigants. The United States Supreme Court has acknowledged that requiring judges to explain federal procedure or act as counsel "would undermine district

2

judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). For a judge to give advice to a pro se litigant "would entail the district court's becoming a player in the adversary process rather than remaining its referee." *Jacobsen v. Filler*, 790 F. 2d 1362, 1365-66 (9th Cir. 1986). Accordingly, the Court is precluded from providing Plaintiff any legal advice, including that relative to the *Langford* case.

Plaintiff has also attempted to file documents captioned for *Langford et al., v. Bullock, et al.* The documents were returned and Plaintiff was advised that he could not file documents in a case that was closed and to which he was not a party. To the extent that Plaintiff feels he may be part of the *Langford* class, the class is represented by counsel and he may contact class counsel.

**Screening**

A federal court is required to screen a prisoner's complaint that seeks relief against a governmental entity, officers, or employees. See, 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the compliant that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. See, 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. V. Twombly*, 550 U.S. 554, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. See, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id*. at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F. 3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"- a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc*., 469 F. 3d 1257, 1264, n. 2 (9th Cir. 2006)(en banc).

The court must construe a pro se litigant's complaint liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972)(per curiam), but may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief," *Hayes v. Idaho Corr. Ctr*., 849 F. 3d 1204, 1208 (9th Cir. 2017). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially plead." *Ivey v. Bd. Of Regents*, 673 F. 2d 266, 268 99th Cir. 1982).

At this juncture, it is entirely unclear if Plaintiff even wishes to file a §1983 civil rights complaint. His recent attempts at filing in *Langford* indicates he does not want to pursue a new 1983 case. Plaintiff has been given an opportunity to file an amended complaint and complete an IFP application, and been supplied the requisite forms, but has failed to complete or return either. Moreover, his responses to this Court's orders have been non-responsive in nature, have failed to identify a clear claim, and have failed name any defendants. Because Plaintiff has neither identified a proper "person" within the meaning of 1983 nor set out a cognizable claim, his complaint should be dismissed for failure to state a claim for relief.

**Conclusion**

28 U.S.C. §§ 1915 and 1915A require the dismissal of a complaint that fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Plaintiff has failed to state a claim upon which relief may be granted despite being twice granted leave to amend. Further opportunity at amendment would be futile. This matter should be dismissed.

**"Strike" under 28 U.S.C. §1915(g)**

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. §1915(g). Plaintiff has failed to state a claim upon which relief may be granted and his pleadings are frivolous and present an "obvious bar to securing relief." *Washington v. Los Angeles County Sheriff's Department*, 833 F.3d 1048, 1055 (9th Cir. 2016)(*quoting ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014)). The dismissal of this case should constitute a strike under 28 U.S.C. §1915(g).

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be dismissed. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The

record makes plain that the Complaint filed in this case is frivolous as it lacks arguable substance in law or fact.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Plaintiff failed to state a claim upon which relief may be granted and his pleadings present an "obvious bar to securing relief."

### NOTICE OF RIGHT TO OBJECT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Plaintiff may file objections to these Findings and Recommendations within fourteen (14) days after service. 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 8th day of July, 2022.

/s/ John Johnston  
John Johnston  
United States Magistrate Judge